## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **WARNER HOLDINGS, LLC, d/b/a** | : | |
| **IRONSTRONG TAX SERVICES, and** | : | |
| **MAURICIO WARNER,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.** |
| | : | **1:12-cv-00220-TWT** |
| **WELLS FARGO BANK, N.A. f/k/a** | : | |
| **WACHOVIA BANK, N.A.,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## WELLS FARGO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiffs' Complaint should be dismissed because it plainly fails to state a claim upon which relief can granted.  Instead, it only contains requests for the extraordinary remedies of preliminary and permanent injunctions, without asserting any underlying cause of action upon which these extraordinary remedies are based.  The omission of any alleged claim underlying the requested injunctive relief renders the entire Complaint legally defective, as "[t]here is no such thing as a suit for a traditional injunction in the abstract."  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th. Cir. 2004).  "For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny

under Fed.R.Civ.P. 12(b)(6) (failure to state a claim)." Id.  As such, the Complaint fails as a matter of law and should be dismissed in its entirety for this reason.

Aside from the legal insufficiency of the Complaint, as set forth below, the deposit agreements for the bank accounts described in the Complaint, which are central to the dispute governing Plaintiffs' Accounts at Wells Fargo Bank, N.A. f/k/a Wachovia Bank, N.A. ("Wells Fargo"), control and provide a complete defense to the requested relief.  For this reason as well the Complaint should be dismissed in its entirety with prejudice.

## Statement of Facts and Procedural History

Plaintiffs filed their Complaint on December 14, 2011 in Fulton County Superior Court requesting only preliminary and permanent injunctive relief and attorneys' fees and expenses.  After being served on December 22, 2011, Wells Fargo timely removed this action in accordance with 28 U.S.C. §§ 1441 and 1446 on January 23rd, 2012, based upon diversity of citizenship.  (Doc. 1.)  According to the Complaint, Plaintiffs allege that they have deposit accounts with Wells Fargo (the "Accounts").[1]  (Compl. ¶¶ 6-7.)  Plaintiffs also allege that they "engage in business as

---

[1]     On a motion to dismiss for failure to state a claim, the Court accepts the truth of facts alleged in the complaint.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  Accordingly, the facts recited herein are the facts alleged in the Complaint.  Wells Fargo does not admit that any of the facts alleged in the

tax return preparers and processors for third parties," and that funds related to this business are contained within the Accounts. (Compl. ¶¶ 5, 10.) Plaintiffs claim that on or about September 29, 2011, Wells Fargo "began to deny access to the" Accounts, and that, although Plaintiffs asked to access the Accounts, Wells Fargo "continues to deny access to the" Accounts. (Compl. ¶¶ 8, 11-12.) Plaintiffs allege that their "customers" have been requesting funds from the Accounts. (Compl. 13.) Based upon this, *and only this*, Plaintiffs' baldly request interlocutory and permanent injunctive relief, without even purporting to assert any legal claim or cause of action upon which to base their requested injunctive relief. (Compl. ¶¶ 17, 21, 22-23.)[2]

### Argument and Citation of Authority

### 1.    The Complaint fails to meet basic pleading standards.

"Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1950 (2009). Under *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

Complaint are true. Indeed, Wells Fargo specifically denies maintaining any account of "Warner Holdings LLC."

[2]    Plaintiffs' Complaint contains several mislabeled paragraphs. For example, the twenty-first, twenty-second, and twenty-third paragraphs are mislabeled "20," "21," and 22," respectively. Wells Fargo refers to the numbered paragraphs in the order in which they appear in the Complaint, and not according to their labels.

544 (2007), and *Iqbal*, Plaintiffs are required to plead facts to support a reasonable inference that there has been some legal violation.  *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570.  Simply concluding that Wells Fargo's actions will harm Plaintiffs, without even bothering to assert any theory of underlying legal liability of Wells Fargo,  completely fails to meet minimum pleading standards. *See Iqbal*, 129 S. Ct. at 1949.

Applying these familiar principles, the Court should dismiss Plaintiffs' Complaint because Plaintiffs have omitted any cognizable legal theory upon which the requested injunctive relief could be based *at all*.  Indeed, the Complaint fails to state a claim in a literal sense: it simply does not allege any civil wrong upon which the requested injunctive relief could be based.  This is utterly, legally insufficient.  As set forth above, "[t]here is no such thing as a suit for a traditional injunction in the abstract." *Klay*,  376 F.3d at 1097.  The Eleventh Circuit Court of Appeals is clear on this point; "[f]or a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed.R.Civ.P. 12(b)(6) (failure to state a claim)." Id. at 1098-1100[3] (reversing district

---

[3]    As explained in *Klay*, a federal court may also issue an injunction  (1) pursuant to a specific statute that specifically provides that a court may issue an injunctive relief enforcing the statute, or (2) under the All Writs Act. *Klay*, 376 F.3d at 1098-1100.  Neither of these other types of injunctions are implicated here.

court's issuance of an injunction because injunction's recipient had no cognizable, meritorious claim upon which the injunction could be based and stating request "for a traditional injunction must be predicated upon a cause of action").

In other words, "a traditional injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed-if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise." *Id.* at 1098.  Here, Plaintiffs have articulated no basis for relief, let alone any that would withstand 12(b)(6) scrutiny.  They have filed a suit for a traditional injunction in the abstract: they state, in conclusory fashion, only that their legal remedy is inadequate (without stating what legal remedy they have), and that immediate and irreparable injury will result to their alleged "business" should the requested injunctions not issue.  (Compl. ¶¶ 16, 20.)  This is legally insufficient under binding Eleventh Circuit precedent.  *See Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1127-28 (11th Cir. 2005) (defining the parameters of injunctive relief and reiterating *Klay's* mandate that ". . . any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance."); *Klay*, 376 F.3d at 1097-1100; *see also Forum Healthcare Group, Inc. v. Ctrs. for Medicare & Medicaid Servs.*, 495 F. Supp. 2d 1321, 1326 (N.D. Ga. 2007) (following *Klay* and dismissing complaint

because "Plaintiffs have failed to identify any cause of action or independent legal right that Plaintiffs contend Defendants have violated. Plaintiffs simply seek an injunction, and their request for an injunction is the sole cause of action alleged in their complaint.") (Murphy, J.).  For this reason alone, the Complaint should be dismissed in its entirety.

Beyond this, Plaintiffs' pleading of the requested *remedies* is deficient. Plaintiffs merely recite the traditional elements of when such extraordinary relief may be granted (wholly assuming an underlying cause of action, which of course is not stated at all), without more.  Such pleading is not enough to survive a motion to dismiss; rather, to state a claim "requires more than labels and conclusions, and a formulaic recitation of . . . elements . . . . "  *Twombly*, 550 U.S. at 570.  The counts of Plaintiff's Complaint consist of only labels and conclusions *for remedies*, and therefore should be dismissed.

The legal insufficiency of Plaintiffs' Complaint is not a mere technicality.  A defective Complaint like Plaintiffs' presents a serious practical problem: in the absence of any legal claim to evaluate, the Court cannot even begin to assess the appropriateness of injunctive relief.  In considering Plaintiffs' request for an interlocutory injunction, the Court would turn to the Eleventh Circuit's familiar four part test for such extraordinary relief, the first element of which is deciding whether

the Plaintiffs have established a substantial likelihood of success on the merits of their case.[4]  Yet, the Court cannot engage in even this first step because there is no legal claim or cause of action stated for which the Court may evaluate a likelihood of success.

The same impediment exists with respect to a permanent injunction.  "The standard for issuance of a permanent injunction is essentially the same as that for the issuance of a preliminary injunction, except that a plaintiff seeking permanent relief must show actual success on the merits, rather than a mere likelihood of success on the merits." *Spottsville v. Barnes*, 135 F. Supp. 2d 1316, 1318 (N.D. Ga. 2001) (citing *Amoco Production Co. v. Village of Gambell,* 480 U.S. 531, 546 n.12, 107 S. Ct. 1396, 94 L.Ed.2d 542 (1987) (citing *University of Texas v. Camenisch,* 451 U.S. 390, 392, 101 S. Ct. 1830, 68 L.Ed.2d 175 (1981)).  Because Plaintiffs have failed to state

---

[4]     "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites," specifically: (1) that there is a substantial likelihood that the movant will ultimately prevail on the merits; (2) that movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983); *see also Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991) (holding, in diversity case removed from Georgia state court, under *Erie*, the *federal* standard for granting preliminary injunctive relief applies).

any claim or cause of action upon which they could theoretically achieve actual success on the merits, this analysis is likewise impossible.[5]

For the numerous reasons set forth above, Plaintiffs' Complaint should be dismissed outright for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

**2.      The deposit agreements for the Accounts provide a complete defense to the requested relief.**

In addition, deposit agreements for the Accounts alleged in the Complaint (the "Agreements")--central, controlling documents governing the relationship between Plaintiffs and Wells Fargo related to the Accounts--provide a complete defense to the allegations contained in the Complaint.[6] *See Fed. Deposit Ins. Corp. v. West*, 244 Ga.

---

[5]      Plaintiffs fare no better under Georgia law, which provides that "before the trial court can exercise its discretion with regard to issuing a permanent injunction, the party seeking the injunction must first show that it has a legal right to relief." *Robinson v. Landings Ass'n*, 264 Ga. 24, 25 (1994). Here, Plaintiffs have stated no legal right for which they could theoretically show they are entitled to relief. Further, under Georgia law, a party may obtain a permanent injunction only "[i]f . . . the moving party has filed a complaint which is adequate to withstand a motion to dismiss . . ." *Robinson,* 264 Ga. at 25.   "[S]uch party must then prove all of the essential allegations of the complaint which are not admitted." Id. As demonstrated, Plaintiffs have not filed a complaint which is adequate to withstand a motion to dismiss. Thus, Plaintiffs' request for a permanent injunction fails; indeed, a permanent injunction analysis cannot even be made.

[6]      "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not

396, 399, 260 S.E.2d 89 (1979) ("The deposit agreement, if any, the signature card and the checks drawn against the account are the contract documents between the bank and its customer."). The Agreements for both Plaintiffs' commercial and personal accounts are central to this case which focuses solely on Wells Fargo's relationship with Plaintiffs as it pertains to Plaintiffs' access to the Accounts at Wells Fargo. (*See* Compl. ¶¶ 6-12, 15-16, 19-21.)

The Agreements state in part:

If any person or entity makes a claim against funds in your Account, or if the Bank believes that a conflict exists between or among the *Authorized Signers* on your Account or that there is a dispute over matters such as the ownership of your Account or the authority to withdraw funds from your Account, the Bank may, without any liability to you, take one or more of the following actions:

- Continue to rely on the Bank's records to determine the ownership of or the identity of the *Authorized Signer(s)* for your Account
- Honor the claim upon receipt of evidence satisfactory to the Bank to justify such claim
- **Freeze all or a part of the funds in your Account until the dispute is resolved to the Bank's satisfaction**
- Close your Account and send a check for the available balance in your Account payable to you or to you and each claimant or

---

challenged." *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (quoting *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010)).

- Pay the funds into an appropriate court.

**The Bank may charge your Account for expenses (including attorney's fees and expenses) and fees the Bank incurs.**

. . .

**As part of the Bank's loss prevention program, when the Bank suspects that irregular, unauthorized, or unlawful activities may be occurring in connection with your Account, the Bank may "freeze" (or place a hold on) the balance in your Account (and in other Accounts you maintain with the Bank) pending an investigation of such suspected activities.** If the Bank freezes your Account, the Bank will give any notice required by the laws governing your Account.

(Business Account Agreement at p. 13, attached as Exhibit A to the Declaration of Jason P. Foster ("Foster Decl.")[7] (emboldened added); (Consumer Account Agreement at p. 15, attached as Exhibit B to the Foster Decl.))

As set forth above, pursuant to the Agreements, upon Wells Fargo's suspicion that irregular, unauthorized, or unlawful activities may be occurring in an account, or if any entity makes a claim against funds in an account, or if Wells Fargo believes that there is a dispute over matters such as the authority to withdraw funds from an account, it may freeze, or restrain access to, the account pending an investigation of such suspected activities.  That is what Wells Fargo has done here, as expressly allowed by the agreements.  (*See* Compl. Exs. A & B) (discussing the freezing of the

---

[7]    The Foster Decl. is attached hereto as Exhibit 1.

Accounts); (Compl. Ex. A) (copying Malcom Johnson, Special Agent with the Internal Revenue Service's Criminal Investigation Division); (Foster Decl ¶ 6).

As is readily apparent by the correspondence attached as Exhibits to Plaintiffs' Complaint, the accounts at issue were frozen in the midst of a federal criminal investigation involving an IRS-CID Special Agent and a Wells Fargo's financial crimes analyst.  Indeed, Plaintiffs' counsel copied IRS-CID Special Agent Johnson on his November 16, 2011 letter to Wells Fargo and mentioned Mr. Foster, Wells Fargo's financial crimes analyst, in his December 5, 2011 letter to Wells Fargo.  Plaintiffs attached copies of both letters as Exhibits to their Complaint.  (*See* Compl. Exs. A & B.)[8]  Thus, even though the Complaint should be dismissed for its failure to state any claim underlying the requested injunctive relief, the Complaint should also be dismissed in its entirety with prejudice because controlling deposit agreements provide a complete defense to the alleged acts of Wells Fargo contained in the Complaint.  *See Medical Ass'n of Ga. v. Blue Cross & Blue Shield of Ga., Inc.,* 244 Ga. App. 801, 536 S.E.2d 184, 185-86 (Ga. App. 2000) ("[T]here can be no breach of

---

[8]    Although the Court generally accepts well-pled facts as true for purposes of a motion to dismiss, ". . . when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

an implied covenant of good faith where a party to a contract does what the contract expressly allows it to do.").

## Conclusion

Upon the foregoing, Plaintiffs' entire Complaint should be dismissed with prejudice.

This 30th day of January, 2012.

Respectfully submitted,

**PARKER, HUDSON, RAINER & DOBBS, LLP**

/s/ Robert M. Brennan
Robert M. Brennan
Georgia Bar No. 079798
Brett S. Montroy
Georgia Bar. No. 940485
285 Peachtree Center Avenue
1500 Marquis Two Tower
Atlanta, Georgia 30303
bbrennan@phrd.com
bmontroy@phrd.com
(404) 523-5300
(404) 522-8409 (facsimile)

*Attorneys for Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF COMPLIANCE</u>

In compliance with LR 7.1D, N.D. Ga., I certify that the foregoing **WELLS FARGO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** has been prepared in conformity with LR 5.1, N.D. Ga.  This memorandum was prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.  This memorandum is proportionately spaced, and is no longer than 25 pages.

This 30th day of January, 2012.

/s/ Robert M. Brennan
Robert M. Brennan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **WELLS FARGO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which automatically sent email notification of such filing to the attorneys of record for the captioned case.

This 30th day of January, 2012.

<u>/s/ Robert M. Brennan</u>
Robert M. Brennan

2265010_1